UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LEONARD N. BETTS,

                        Plaintiff,

        v.

MATTHEW J. PETERSON,[1]
JULIE K. PETERSON,

                        Defendants.

**REPORT
and
RECOMMENDATION
-----------------------------
DECISION
and
ORDER**

10-CV-00568A(F)

_____

APPEARANCES:       DENNIS J. BISCHOF LLC
                           Attorneys for Plaintiff
                           DENNIS J. BISCHOF, JR., of Counsel
                           6720 Main Street
                           Suite 250
                           Williamsville, New York 14221

                           HAGELIN KENT LLC
                           Attorneys for Defendants
                           MICHAEL T. HAGELIN, and
                           VICTOR M. WRIGHT, of Counsel
                           135 Delaware Avenue
                           Suite 200
                           Buffalo, New York 14202

## JURISDICTION

This case was referred to the undersigned by Honorable Richard J. Arcara on July 13, 2010, for pretrial matters including report and recommendation on dispositive motions. The matter is presently before the court on Defendants' motion to dismiss (Doc. No. 7), filed August 25, 2010.[2]

---

[1] The court notes that in all papers filed by Defendants, Matthew Peterson's middle initial is "L".

[2] Because the undersigned is treating one aspect of Defendants' dispositive motion to dismiss as seeking the nondispositive relief of leave to file an amended pleading, all arguments are addressed in this combined Report and Recommendation and Decision and Order.

## BACKGROUND and FACTS[3]

On July 16, 2009, the parties were involved in a motor vehicle accident ("the accident") in Ohio when a vehicle owned by Defendant Julie K. Peterson ("Julie Peterson"), and operated by Defendant Matthew L. Peterson ("Matthew Peterson") (together, "Defendants"), struck a vehicle operated by Plaintiff Leonard N. Betts ("Plaintiff" or "Betts").  At all times relevant to this action Plaintiff has been a resident of New York, and both Defendants have been residents of Ohio.  On June 11, 2010, Plaintiff commenced this action in New York Supreme Court, Erie County, seeking to recover monetary damages for personal injuries Plaintiff sustained in the accident.  On July 6, 2010, Defendants served, but did not file in state court, an Answer in which Defendants assert seven affirmative defenses.

On July 9, 2010, Defendants' removed the action to this court (Doc. No. 1) ("Removal Notice"), asserting jurisdiction based on diversity of citizenship.  Attached as exhibits to the Removal Notice are the Complaint (Removal Exh. A), and the Answer (Removal Exh. B).  Upon electronically filing the removal papers on July 9, 2010, this court's CM/ECF system generated an automatic e-mail message to counsel for both sides, advising the action was automatically referred to this court's Alternative Dispute Resolution program ("ADR") for mediation.  On August 3, 2010, Defendants filed an Amended Answer (Doc. No. 4) ("Amended Answer"), asserting as an eighth affirmative defense lack of personal jurisdiction over Defendants.

---

[3] The Facts are taken from the pleadings and motion papers filed in this action.

On August 25, 2010, Defendants filed the instant motion to dismiss for lack of personal jurisdiction (Doc. No. 7) ("Defendants' motion"), supported by the attached affidavits of Julie K. Peterson (Doc. No. 7-2) ("Julie Peterson Affidavit"), Matthew L. Peterson (Doc. No. 7-3) ("Matthew Peterson Affidavit"), Victor M. Wright, Esq. (Doc. No. 7-4) ("Wright Affidavit"), and Exhibits A through C ("Defendants' Exh(s). __"). On October 7, 2010, Plaintiff filed in opposition to Defendants' motion the Attorney Affirmation of Dennis J. Bischof, Esq. (Doc. No. 14) ("Bischof Affirmation"), with attached exhibits A through G ("Plaintiff's Exh(s). __").

According to a Selection of Mediator, filed September 23, 2010 (Doc. No. 10) ("Mediator Stipulation"), the parties stipulated to a mediator and the initial mediation session was scheduled for October 8, 2010. The Mediator Stipulation is signed only by Plaintiff's counsel. On September 28, 2010, Defendants filed a motion seeking an order permitting the Defendants to opt out of participating in the ADR program ("Doc. No. 11) ("Opt-out Motion"). By Decision and Order filed October 1, 2010 (Doc. No. 13) ("D&O"), Judge Arcara denied the Opt-out Motion, without prejudice, as premature given that the first discovery conference had yet to be held.

In further support of Defendants' motion, Defendants filed on October 12, 2010, the Attorney Affidavit of Victor M. Wright, Esq. (Doc. No. 16) ("Wright Reply Affidavit"), with attached exhibits A through H ("Defendants' Reply Exh(s). __"). Oral argument was deemed unnecessary.

Based on the following, Defendants' motion (Doc. No. 7), insofar as it is treated as a motion to file an Amended Answer, is GRANTED, and, insofar as it seeks dismissal for lack of personal jurisdiction, should be GRANTED; Plaintiff's Response,

3

treated as a motion to strike the Amended Answer, should be DENIED.

## DISCUSSION

Defendants move pursuant to Fed.R.Civ.P. 12(b)(2) to dismiss the Complaint for lack of personal jurisdiction in New York. Plaintiff does not dispute Defendants are not subject to personal jurisdiction in New York but, rather, argues that Defendants have waived the personal jurisdiction defense by (1) failing to plead lack of long-arm jurisdiction as an affirmative defense in either the Answer or the Amended Answer, Bischof Affirmation ¶¶ 2-4, 6; (2) the Amended Answer, in which the personal jurisdiction defense is first raised, was untimely filed, *id.* ¶ 7; and (3) Defendants, by agreeing to participate in the ADR program, and to the scheduling of depositions on October 4, 2010, consented to personal jurisdiction in this action, as evidence by the October 1, 2010 D&O of Judge Arcara denying Defendants' motion to opt out of ADA. *Id*. ¶¶ 8-9. In further support of Defendants' motion, Defendants assert that lack of long-arm jurisdiction need not be separately pleaded, Wright Reply Affidavit ¶ 7; the Amended Answer was timely, *id.* ¶¶ 4-6; and that Defendants did not participate in any mediation thereby waiving the defense of lack of personal jurisdiction, *id.* ¶¶ 9-11. Plaintiff's arguments in opposition to Defendants' motion are without merit.

At the threshold, the court addresses Plaintiff's first argument, Bischof Affirmation ¶ 7, that the Amended Answer was not timely filed. According to Plaintiff, when the Amended Answer was not filed and served until August 3, 2010, more than 20 days after the original Answer was filed, the time in which to amend the original answer as of right had expired under both N.Y. Civil Practice Law and Rules ("N.Y.

4

CPLR"[4]) 3025(a), and Fed.R.Civ.P. 15(a). *Id*. In opposition to this argument, Defendants explain that although the original Answer is dated July 2, 2010, it was not served until July 6, 2010, after Defendants' counsel returned to his office following the July 4th holiday weekend.[5] Wright Reply Affidavit ¶ 4. Further, Defendants served Plaintiff with the Amended Answer on July 26, 2010, twenty days after service of the original Answer, although the Amended Answer was not filed until August 3, 2010. *Id*. ¶ 5. In support of these averments, Defendants submit a copy of the facsimile confirmation dated July 26, 2010, Defendants' Reply Exh. B, as well as a copy of an e-mail message from Plaintiff's counsel to Defendants' counsel confirming receipt of the Amended Answer. Defendants' Reply Exh. C.

Although Plaintiff was timely served with the Amended Answer on July 26, 2010, it was not filed until August 3, 2010, eight days late. *See* Fed.R.Civ.P. 15(a)(1) ("Rule 15(a)") (amended pleading as a matter of course required to be filed within 21 days). Defendants provide no explanation for the untimely filing of the Amended Answer, and no reason is obvious from the record. Because of Defendants' belated filing of the Amended Answer, however, the court treats Defendants' motion, in part, as seeking leave to amend the Answer. *See Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993) (observing that where defendants filed an amended answer asserting a statute of limitations defense without moving for permission to do so and such filing occurred after expiration of the time to amend as a matter of course, district judge

---

[4] Unless otherwise specified, references to N.Y. CPLR are to McKinney's 2009.

[5] The court takes judicial notice that in 2010, July 2 fell on a Friday, the 4th of July holiday fell on Sunday, and July 6 was a Tuesday.

5

construed the defendants' motion for summary judgment based on the statute of limitations defense as also seeking leave to amend pursuant to Fed.R.Civ.P. 15(a)).

The rule within the Second Circuit

> has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith. However, the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice. In determining what constitutes "prejudice," we consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction. Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend.

*Block*, 988 F.2d at 350 (internal quotation marks and citations omitted).

Here, although Defendants filed the Amended Answer eight days beyond the 21-day period in which to amend as a matter of course, Rule 15(a), such delay is not significant and cannot be attributed to any dilatory tactics or bad faith by Defendants. Further, because Defendants served Plaintiff with a copy of the Amended Answer within the 21 days allowed for leave to amend pursuant to Rule 15(a), a fact unchallenged by Plaintiff, there was no prejudice to Plaintiff as a result of the late filing. Nor will the late filing require Plaintiff to expend significant additional resources conducting discovery and preparing for trial, and Plaintiff does not argue otherwise. Rather, the record demonstrates only Defendants' mere, and unexplained, eight-day delay in filing the Amended Answer which is, without more, an insufficient basis for denying the motion to amend. *Block*, 988 F.2d at 350.

This aspect of Defendants' motion, treated as a motion for leave to amend the Answer, is therefore GRANTED, *nunc pro tunc* as to August 3, 2010, the date the

Amended Answer was filed.

Because the court has granted Defendants' motion as seeking leave to file the Amended Answer, the court treats Plaintiff's argument based on an alleged late filed Amended Answer - raising for the first time the lack of personal jurisdiction - as a motion to strike the Amended Answer containing the affirmative defense of lack of personal jurisdiction, such motion may be granted pursuant to Fed.R.Civ.P. 12(f) based on "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike an affirmative defense, however, "must be filed not later than twenty days after the answer is served," here, July 26, 2010. *Cattaraugus County Project Head Start, Inc. v. Executive Risk Indemnity, Inc.*, 2000 WL 1737943, at * 1 (W.D.N.Y. Nov. 8, 2000) (citing Fed.R.Civ.P. 12(f)(2)). In this case, although the deadline for moving to strike the Amended Answer expired on August 15, 2010, Plaintiff first challenged the Amended Answer as untimely filed in papers filed on October 7, 2010, in opposition to the instant motion. As such, Plaintiff's motion to strike the Amended Answer was untimely as filed 53 days beyond the 20-day deadline under Rule 12(f)(2). Nevertheless, because Fed.R.Civ.P. 12(f)(1) permits the court to *sua sponte* strike a pleading, at any time, "several courts have held that they may consider untimely motions to strike." *Cattaraugus County Project Head Start*, 2000 WL 1737943, at *1 (citing cases). Accordingly, the court considers whether to strike the Amended Answer as untimely filed.

"[M]otions to strike are generally disfavored and will be denied unless it is clear that under no circumstances could the defense succeed." *Connell v. City of New York*, 230 F.Supp2d 432, 438 (S.D.N.Y. 2002) (citing *William Z. Salcer, Panfeld, Edelman v.*

7

*Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), *vacated on other grounds*, 478 U.S. 1015 (1986)). *See also Goossens v. Wade*, 2010 WL 2649882, at * 3 (W.D.N.Y. June 29, 2010) ("A defense may be struck if it is certain plaintiff will succeed despite the asserted defense."). "A motion to strike an affirmative defense should be denied where the defense is sufficient as a matter of law or fairly presents a question of law or fact that the court should hear at trial." *Connell*, 230 F.Supp.2d at 438 (internal quotation marks and citation omitted). Moreover, "to prevail on a motion to strike, the movant must show that he will be prejudiced by inclusion of the defense." *Id*.

Here, that Defendants' personal jurisdiction defense is not baseless and fairly presents a question of law is underscored by the fact that Plaintiff has not opposed the instant motion on its merits (thus effectively conceding there is no basis for long-arm jurisdiction over Defendants in this court) but, rather, raises only procedural challenges to the motion seeking thereby to establish personal jurisdiction by Defendants' inadvertent consent. Further, although the Amended Answer was filed eight days late, Plaintiff does not dispute being timely served with the Amended Answer, and Defendants' failure to timely file the Amended Answer, although curious, cannot be said to have prejudiced Plaintiff. Accordingly, Plaintiff has failed to put forth any ground for striking the Amended Answer. Plaintiff's argument on this ground, treated as a motion to strike, should be DENIED.

Nor is there any merit to Plaintiff's argument, Bischof Affirmation ¶ 2, that Defendants were not required to specifically plead lack of long-arm jurisdiction as an affirmative defense. Plaintiff's reliance in support of this argument on N.Y. CPLR 3211(e), is inapposite insofar as NY CPLR 3211 pertains only to a motion to dismiss an

8

action in state court.  Moreover, as a removed action, the question is governed by Fed.R.Civ.P. 12(b)(2).  Fed.R.Civ.P. 81(c)(2) (providing the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court.").  Nor do either of the two New York cases referenced by Plaintiff support his argument in opposition to dismissal.

In particular, in *Boulay v. Olympic Flame, Inc.*, 565 N.Y.S.2d 905 (2d Dep't 1991), the court held a motion pursuant to N.Y. CPLR 3211 to dismiss for lack of personal jurisdiction was improper where the defendant had already filed an answer which did not include lack of personal jurisdiction as an affirmative defense, and the amended answer in which the defendant raised for the first time lack of personal jurisdiction was not timely filed as of right and, as such, could not relate back to the original answer.  *Boulay*, 565 N.Y.S.2d at 906.  Nor did the plaintiff's service of an amended complaint, in response to the defendant's insistance that the plaintiff file an amended complaint to correct the date of the accident at issue, negate the defendant's waiver of the lack of personal jurisdiction defense arising out of defendant's failure to raise the defense in the answer to the original complaint. *Id*. at 906-07.  In *International Business Machines Corp. v. Murphy & O'Connell*, 567 N.Y.S.2d 706 (1st Dep't. 1991), also referenced by Plaintiff, Bischof Affirmation ¶ 2, the court held that a defendant's failure to raise in a responsive pleading lack of personal jurisdiction as a defense constitutes a waiver of the defense even if the service of process by the defendant is obviously defective.  *Murphy & O'Connell*, 567 N.Y.S.2d at 707.  Accordingly, neither of the two cases Plaintiff cites in opposition to dismissal supports Plaintiff's argument that Defendants were required to specifically plead lack of personal jurisdiction pursuant to

New York's long-arm statute rather than a general defense of lack of personal jurisdiction, nor has the court's research revealed any such case.  Indeed, upon the facts of this case, it is difficult to conceive any other ground as a basis for Defendants' affirmative defense.

Finally, insofar as Plaintiff maintains Defendants have waived personal jurisdiction by participating in the court's ADR program, Bischof Affirmation ¶¶ 8-9, although Defendants agreed to the selection of Michael Brady, Esq., as a mediator, Wright Reply Affidavit ¶ 9, the Mediator Stipulation is signed only by Plaintiff's counsel. Furthermore, evidence submitted by Defendants, unchallenged by Plaintiff, establishes that Defendants never actually participated in the ADR program.  Plaintiff points to no caselaw establishing that such passive participation in a court's ADR program operates as a consent to that court's personal jurisciction, nor has the court's research revealed any.

Specifically, by letter dated September 23, 2010, Defendants' Reply Exh. E, Defendants' attorney advised Plaintiff's attorney that Defendants would not be participating in or appearing at any mediation prior to resolution of the instant motion to avoid possibly waiving Defendants' personal jurisdiction defense.  By letter to the undersigned dated October 6, 2010, Defendants' Reply Exh. F, Defendants' attorney advised that Defendants will not participate in any discovery pending resolution of the instant motion.  Although Defendants' Opt-out Motion was denied, the denial was without prejudice because the Opt-out Motion was premature.  D&O ¶ 3.  In particular, § 2.2(b) of the ADR Plan provides motion to opt out be made within ten days following the first discovery program, no such discovery conference had yet been held, and the

10

parties had no obligations relative to the ADR Program until after the court issued a Scheduling Order that included ADR deadlines.  *Id*.  There is thus no merit to this argument.

Moreover, compliance with the ADR program requirement to select a mediator does not manifest an intent by Defendants to purposefully avail themselves of the court's jurisdiction sufficient to constitute finding personal jurisdiction by consent.  *See Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (holding unilateral activity of someone claiming a relationship with a nonresident defendant cannot satisfy jurisdiction requirement that defendant have contacts with the state; rather, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."). *Compare Adam v. Saenger*, 303 U.S. 59, 67-68 (1938) (interposition of a permissive counterclaim established jurisdiction by consent).  *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Lecopulos*, 553 F.2d 842 (2d Cir. 1977), on which Plaintiff relies, Bischof Affirmation ¶ 8, in support of the argument that Defendants' participation in the selection of a mediator constitutes consent to personal jurisdiction in New York, is inapposite because in that case, the defendant, by agreeing to arbitrate in New York, had indirectly consented to the jurisdiction of the New York courts that were vested with the judicial power to compel the arbitration proceeding.

Nor did Defendants, by removing the action to this court, purposefully avail themselves of the privilege of conducting activity within New York so as to consent to personal jurisdiction here.  *See Morris & Co,. V. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929) (holding foreign corporation's objection to court's jurisdiction not waived by

removal of action from state court to district court); *Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 157 n. 4 (2d Cir. 1996) (rejecting argument that defendant, by removing action to federal court and commencing discovery on motion to dismiss, waived lack of personal jurisdiction defense because "[r]emoval does not waive any Rule 12(b) defenses").

## **CONCLUSION**

Based on the foregoing, Defendants' motion (Doc. No. 7), insofar as it is treated as a motion to file an Amended Answer is GRANTED, and, insofar as it seeks dismissal for lack of personal jurisdiction, should be GRANTED; Plaintiff's Response, treated as a motion to strike the Amended Answer, should be DENIED; the Clerk of the Court should be directed to close the file.

SO ORDERED, as to Defendants'
 request for leave to file
 an amended answer.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted, as to Defendants'
motion to dismiss, and Plaintiff's motion to
strike the Amended Answer,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: October 21, 2010
 Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

---

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:     October 21, 2010
                Buffalo, New York