UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| LEONARD N. BETTS, | | **DECISION** |
| | Plaintiff, | **and** |
| v. | | **ORDER** |
| MATTHEW J. PETERSON, | | 10-CV-568A(F) |
| JULIE K. PETERSON, | | |
| | Defendants. | |

APPEARANCES:    ELK & ELK CO., LTD.
Attorneys for Plaintiff
R. CRAIG MCLAUGHLIN, of Counsel
6105 Parkland Boulevard
Mayfield Heights, Ohio 44124

HAGELIN KENT LLC
Attorneys for Defendants
VICTOR M. WRIGHT, of Counsel
135 Delaware Avenue
Suite 200
Buffalo, New York 14202

This action was referred to the undersigned by Hon. Richard J. Arcara on July 13, 2010 for determination of all pretrial matters.

Plaintiff has moved to transfer pursuant to 28 U.S.C. § 1406(a) ("1406(a)") (Doc. No. 20) ("Plaintiff's motion"). Defendants oppose (Doc. No. 24). Section 1406(a) permits transfer to another district where the action could have been brought if the action was filed in a district lacking proper venue. However, in the case of a removed action, like the instant case, venue is always proper in the district to which the case has been removed. *See PT United Can Company Ltd. v. Crown Cork v. Seal Company, Inc.*, 138 F.3d 65, 72 (2d Cir. 1998) (removal statute, not general federal venue statute, "governs venue in removed cases.") (citing *Polizzi v. Cowles Magazine, Inc.*, 345 U.S.

663, 665-66 (1953) (venue of removed actions governed by §1441(a)); *see also, Hollis v. Florida State Univ.*, 259 F.3d 1295, 1296 (11th Cir. 2001) (§1441(a) "fixes venue in the district where the state court action was pending."). Here, Plaintiff does not dispute the case was properly removed to this court. Thus, as the case is, by virtue of its removal, properly venued in this district, §1406(a) is inapplicable, and Plaintiff's motion should be denied. If a party, usually the defendant, to a removed case is dissatisfied with the resultant venue, transfer to another district may be sought pursuant to 28 U.S.C. §1404(b) (*forum non-conveniens*). *PT United Can Company Ltd.*, 138 F.3d at 72; *see also Hollis*, 259 F.3d at 1296.

Moreover, Defendants have sought dismissal for lack of personal jurisdiction (Doc. No. 7), and that motion remains pending before the District Judge. However, any lack of *in personam* jurisdiction that could have been successfully asserted in New York state court where the action was initially filed, is not a ground for asserting improper venue based on removal in this court. *See* 28 U.S.C. §1441(f); *Hollis*, 259 F.3d at 1295-96 (§1441(f) abrogates theory of derivative jurisdiction permitting defects in state court jurisdiction to be asserted as bar to removal).

## CONCLUSION

Based on the foregoing, Plaintiff's motion is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: December 15, 2010
      Buffalo, New York